1
2
3
4
5
6
7
8         **IN THE UNITED STATES DISTRICT COURT**
9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10                  **SACRAMENTO DIVISION**
11

| | | |
|---|---|---|
| JOHNNIE RAY HAIRSTON, | ) | Case No.  2:07-CV-01617-MMS |
| | ) | |
| Petitioner, | ) | ORDER |
| v. | ) | |
| | ) | |
| TOM CAREY, Warden, | ) | |
| Respondent. | ) | |
| | ) | |

   Pro se Petitioner Johnnie Hairston, an inmate at California State Prison, Solano, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the August 25, 2005 decision of the California Board of Parole Hearings ("BPH") denying him parole.  Petitioner alleges the denial of parole violated his rights under the Eighth and Fourteenth Amendment of the Constitution.  Having considered the arguments of the parties, the Court DENIES the petition for the reasons stated below.

                            **BACKGROUND**

   Hairston is currently serving a sentence of 27 years to life for First Degree Murder.  In 1982, Hairston and an associate participated in a series of violent robberies and kidnapings that culminated with Hairston murdering a cook at a Los

Angeles Kentucky Fried Chicken. Hairston ordered his victim to lie down on the floor, and then shot him as he attempted to do so.

The BPH denied Hairston parole in 2005, finding that he was "on the right track" but that he was not yet ready for release. The BPH first focused on the nature of the murder and the surrounding circumstances, noting that Hairston's motive for the murder and other robberies was trivial. The Board further found that Hairston had yet to take responsibility for his actions, pointing to his version of the murder in which he portrayed himself as an unwilling participant in the crime. The Board next determined that parole was inappropriate given Hairston's history of violence, gang involvement, failure to participate in self-help programs, and history of unstable personal relationships.

Hairston then filed a state habeas petition in California Superior Court challenging the BPH's suitability determination. The Superior Court affirmed the BPH's decision, finding that Hairston's record of violence, unstable social history, failure to seek self-help in prison, along with the violent nature of the commitment offense provided sufficient grounds to support the denial of parole.

Hairston filed a timely federal habeas petition.

## DISCUSSION

Under California law, prisoners serving indeterminate life sentences become eligible for parole after serving a minimum term of confinement. *In re Dannenberg*, 104 P.3d 783, 785-86 (Cal. 2005). California regulations state that "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code Regs. tit. 15, § 2402(a). In making this suitability determination, the BPH looks to factors such as the nature of the commitment offense, the prisoner's record of violence, social history, behavior in

prison, and any other information relevant to whether the prisoner poses an unreasonable risk to society. *See* Cal. Code Regs. tit. 15 § 2402(b)-(d).

If the prisoner files a state habeas petition, the state court reviews the decision of the BPH to determine whether "some evidence" supports the unsuitability determination. *See In re Shaputis*, 190 P.3d 573, 580-81 (Cal. 2008). California has defined "some evidence" to mean that the BPH's determination "must have some indicia of reliability." *In re Scott*, 15 Cal. Rptr. 3d 32, 52 (2004) (internal quotation marks omitted). A decision is not supported by "some evidence" where the BPH denies parole solely on the basis of facts of the commitment offense. *See In re Lawrence*, 190 P.3d 535, 549 (Cal. 2008).

In *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), the Ninth Circuit explained the standard federal courts are to apply in reviewing a state court's denial of parole. The court held that a court reviewing a denial of parole may grant a writ of habeas corpus only if the "decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Id.* at 562-63. The Court here must therefore decide whether the California Superior Court's decision upholding the BPH's denial of parole unreasonably applied California's "some evidence" standard. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991). Petitioner argues that it does not, contending the BPH impermissibly relied on unchanging factors such as the violent nature of the crime of commitment.

Petitioner is correct that a state court cannot rely *solely* on the facts of the murder in denying him parole. *See Cooke v. Solis*, 606 F.3d 1206, 1214 (9th Cir. 2010). The state court did not do this however; it also pointed to Hairston's violent past, unstable social history, and failure to seek sufficient counseling while in

3

prison in finding that "some evidence" supported the parole denial.  All of these factors are relevant considerations as stated in state regulations and have support in the record.  *See* Cal. Code Regs. tit. 15, § 2402(c).

      Hairston had prior convictions for robbery, and had been arrested on multiple occasions for violent altercations.  During one robbery, he injured his victim.  The record also supports the determination that Hairston has an unstable social history.  He has been married three times, and does not remain in contact with his stepchildren.  Finally, the state court reasonably determined that Hairston had failed to seek sufficient counseling while in prison.  The record before the BPH indicated that Hairston had reduced his involvement in rehabilitative programs after he was denied parole in 2003.  And although not by itself dispositive, the commitment offense further supports the state court determination.  Hairston shot an unarmed man as he attempted to lie on the floor during a robbery.  There was no apparent motive for the murder.  Given all of the above, the state court had more than a reasonable basis for concluding that Hairston still posed a current threat to the community.

      Petitioner's remaining claims are without merit.  His indeterminate life sentence for murder does not run afoul of Eighth Amendment.  *See Harris v. Wright*, 93 F.3d 581, 584-85 (9th Cir. 1996) (holding that a life sentence for murder does not amount to cruel and unusual punishment).  Hairston's claims rooted in state law violations are not properly before this court because he has failed to show how these alleged violations raise a federal issue.  *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").  Petitioner is finally incorrect that the standards used by the BPH are unconstitutionally vague.  States have considerable "flexibility in

4

deciding what procedures are needed in the context of postconviction relief," and California's procedures for granting parole are within what is permitted by federal law. *Hayward*, 603 F.3d at 564.

## CONCLUSION

For the above reasons, the petition for a writ of habeas corpus is DENIED. A certificate of appealability is also DENIED because Petitioner has failed to show his claims are "debatable among reasonable jurists." *See id.* at 555.

DATED: August 12, 2010

/s/ *Mary M. Schroeder*
MARY M. SCHROEDER,
United States Circuit Judge
Sitting by designation